IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORGE GOMEZ, : | |
|     Plaintiff : | |
| : | No. 1:20-cv-01637 |
| v. : | |
| : | (Judge Kane) |
| THOMAS CULLEN, et al., : | |
|     Defendants : | |

## MEMORANDUM

Before the Court are pro se Plaintiff Jorge Gomez ("Plaintiff")'s second amended complaint (Doc. No. 17) filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), as well as his motion for emergency preliminary injunctive relief (Doc. No. 27) and brief in support thereof (Doc. No. 28). For the following reasons, the Court will deny Plaintiff's motion.

## I.   BACKGROUND

Plaintiff is currently incarcerated at the Federal Correctional Institution Allenwood-Medium in White Deer, Pennsylvania ("FCI Allenwood-Medium"). He is proceeding against Defendants Thomas Cullen ("Cullen"), Ryan Parkyn ("Parkyn"), J.B. Foster ("Foster"), B. Zalno ("Zalno"), K. Sorrell ("Sorrell"), the United States of America, and John Doe. (Doc. No. 17.) In his second amended complaint, Plaintiff avers that Defendants violated his Eighth Amendment rights and were negligent by failing to provide adequate medical care and a special diet to treat Plaintiff's various conditions, including colitis. (Id.) Defendants' response to the second amended complaint is due on or before March 1, 2021. (Doc. No. 30.)

As noted above, Plaintiff has also filed a motion for emergency preliminary injunctive relief. (Doc. No. 27.) He seeks such relief against Defendant Cullen, as well as Ian Connors, Catricia Howard, and Miss Trate. (Id. at 1.) Plaintiff appears to seek an order directing these

individuals to provide him medication for colitis, a proper diet, and an ultrasound or sonogram to see if he has appendicitis. (Id. at 4.) Plaintiff "believe[s] that he ha[s] appendicitis or will have in the near future" and cites to a 2018 CT scan that showed his appendix was "minimally enlarged." (Id.) Plaintiff also cites to medical tests that were performed in 2019 and 2020. (Id. at 2-4.)

## II.    LEGAL STANDARD

Preliminary injunctive relief is extraordinary in nature and is discretionary with the trial judge. See Orson, Inc. v. Miramax Film Corp., 836 F. Spp. 309, 311 (E.D. Pa. 1993) (citing Skehan v. Bd. of Tr. of Bloomsburg State Coll., 353 F. Supp. 542 (M.D. Pa. 1973)). In determining whether to grant a motion seeking preliminary injunctive relief, courts within the Third Circuit consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. See S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992) (citing Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197-98 (3d Cir. 1990)). To prove "irreparable injury" a plaintiff must demonstrate actual and immediate injury rather than a possibility of future harm. See Continental Group, Inc. v. Amoco Chemical Corp., 614 F.2d 351, 359 (3d Cir. 1980). It is the moving party that bears the burden of demonstrating these factors. See Dorfman v. Moorhous, No. 93-cv-6120, 1993 WL 483166, at *1 (E.D. Pa. Nov. 24, 1993). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985). Furthermore, "there must be a relationship between the injury claimed in

the party's motion and the conduct asserted in the complaint." See Ball v. Famiglio, 396 F. App'x 836, 837 (3d Cir. 2010) (internal quotation marks omitted) (quoting Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010)).

Moreover, "[t]he 'requisite feared injury or harm must be irreparable – not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" See ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (quoting Glasco v. Hills, 558 F.2d 179, 181 (3d Cir. 1977)). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). "The key word in this consideration is irreparable. . . . The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90 (1974) (emphasis in original).

## III.    DISCUSSION

As noted above, Plaintiff seeks injunctive relief from Defendant Cullen as well as Ian Connors, Catricia Howard, and Miss Trate. Connors, Howard, and Trate, however, are not parties to the above-captioned action. For that reason alone, Plaintiff's request for injunctive relief is legally deficient. See Martin v. Keitel, 205 F. App'x 925, 929 (3d Cir. 2006). Moreover, to the extent Plaintiff seeks injunctive relief related to his allegations that Defendant Cullen has provided inadequate medical care, he has failed to "produce sufficient evidence to satisfy the essential elements of the underlying cause of action." See McCahon v. Pa. Tpk. Comm'n, 491 F. Supp. 2d 522, 527 (M.D. Pa. 2007). Plaintiff has cited no evidence that he is

suffering from appendicitis or other appendix-related maladies. Moreover, the documents attached to Plaintiff's motion suggest that he has been receiving medical care, including outside treatment at Geisinger Gastroenterology. (Doc. No. 27 at 6-11.) Overall, nothing in Plaintiff's filings suggests that he will suffer irreparable harm if injunctive relief is not granted. See Instant Air Freight Co., 882 F.2d at 801; see also Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000) (noting that "the risk of irreparable harm must not be speculative"). Rather, Plaintiff's motion for immediate relief appears to seek resolution of the ultimate issues presented in his second amended complaint, and he has not demonstrated "potential harm which cannot be redressed by a legal or an equitable remedy following a trial." See Instant Air Freight Co., 882 F.2d at 801; see also Sampson, 415 U.S. at 90.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's motion for emergency preliminary injunctive relief (Doc. No. 27) will be denied. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania