UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JORGE GOMEZ,

                Plaintiff,        Civil Action No.
                                    9:21-CV-0658
     v.                           (GTS/DJS)

J.B. FOSTER, et al.,

                Defendants.

---

APPEARANCES:                                  OF COUNSEL:

JORGE GOMEZ
72297-054
Plaintiff, pro se
Federal Correctional Institute Fairton
P.O. Box 420
Fairton, NJ 08320

HON. CARLA B. FREEDMAN               C. HARRIS DAGUE, ESQ.
United States Attorney for the Northern District   Assistant United States Attorney
of New York
Counsel for Defendants
100 S. Clinton St.
Syracuse, NY 13261

GLENN T. SUDDABY
United States District Judge

# DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Jorge Gomez commenced this action in September 2020 in the Middle District of Pennsylvania. *See* Dkt. No. 1. On June 7, 2021, plaintiff's Eighth Amendment claims asserted against three individual defendants, as well as plaintiff's Federal Tort Claims Act ("FTCA") claims asserted against the United States, were transferred to this District

because the incidents giving rise to those claims occurred at Ray Brook Federal Correctional Institute ("FCI Ray Brook"), which is located in this District.  *See* Dkt. Nos. 49-50.

The currently operative pleading in this action is the fourth amended complaint.  Dkt. No. 114.  The only causes of action that are at issue in the case are (1) Eighth Amendment deliberate medical indifference claims asserted against defendants Foster and Sorrell, and (2) an FTCA medical malpractice claim asserted against the United States.  *See* Dkt. No. 113.

Currently pending in this action is, inter alia, plaintiff's motions for a preliminary injunction, Dkt. No. 115, and appointment of pro bono counsel, Dkt. No. 120.[1]  For the reasons set forth below, plaintiff's motions are denied.

## II.     MOTION FOR A PRELIMINARY INJUNCTION

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. N.Y.S. Dep't of Fin. Servs.*, 769 F.3d 105, 119 (2d Cir. 2014) (quoting *Lynch v. N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009)).  When the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is heightened.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (internal quotation marks omitted).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the

---

[1] Also pending before the Court are plaintiff's motion to compel, Dkt. No. 121, plaintiff's motion for summary judgment, Dkt. No. 124, and defendnats' request for extension of a Court deadline and to stay discovery, Dkt. No. 127.  Those motions will be addressed separately in due course.

relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (internal quotation marks omitted).

"'[T]he single most important prerequisite for the issuance of a preliminary injunction'" is a showing that the moving party will suffer irreparable harm. *Bisnews AFE (Thailand) Ltd. v. Aspen Research Grp. Ltd.*, 437 F. App'x 57, 58 (2d Cir. 2011) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)). Speculative injury is not the province of injunctive relief. *City of L.A. v. Lyons*, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that, "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks omitted).

Plaintiff seeks a preliminary injunction directing personnel at his current prison facility, Fairton Federal Correctional Institution, to provide him with a special diet. *See* Dkt. No. 115 at 6, 8-9. With due regard to plaintiff's pro se status, his request is denied for at least two reasons.

First, plaintiff does not attribute the alleged misconduct complained of in the motion to the named defendants in this lawsuit. While the motion asks the Court to "order Defendant's [sic], their Successors, Agents, Employees, and all person [sic] acting in concert with them to provide Plaintiff . . . with a 'Special Diet,'" plaintiff does not attribute the failure to provide him with a special diet to any specific single person, agency, or entity. Except in limited circumstances not relevant here, a court may not order injunctive relief against non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("Every order granting an injunction . . . is binding only

upon the parties to the action[.]"); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Tolbert v. Koenigsmann*, No. 13-CV-1577, 2015 WL 7871344, at *2 (N.D.N.Y. Dec. 4, 2015).

Second, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citing cases) (internal quotation marks omitted).  As noted above in Part I of this Decision and Order, the only remaining claims in this case involve the medical care with which plaintiff was provided while confined in FCI Ray Brook, a prison located in this District.  None of those causes of action are related to the alleged misconduct that is occurring now in a different prison facility.  Because the plaintiff has failed to link his request for injunctive relief to any of the underlying claims, there is no basis for the Court to find that plaintiff has established a likelihood of success on the merits or sufficiently serious questions going to the merits of those claims.

Based on the foregoing, the Court concludes that plaintiff has failed to demonstrate a basis for granting his motion for a preliminary injunction.  Accordingly, the motion is denied.

### III.    MOTION FOR COUNSEL

The pending motion for the appointment of counsel is plaintiff's <u>fifth</u> such request in this action.  *See* Dkt. Nos. 33, 63, 82, 90.  The Court will not repeat the legal standard governing these motions in this Decision and Order, and reference is made, instead, to the Court's previous Orders denying plaintiff's motions.  *See, e.g.,* Dkt. Nos. 65, 86.

Plaintiff's pending motion provides no new grounds for the appointment of counsel that have not previously been considered and rejected by the Court.  Accordingly, plaintiff's motion is denied.

**Plaintiff is hereby warned that, absent a showing of changed circumstances, any future motion for the appointment of counsel will be summarily denied by the Court.**

IV.  CONCLUSION

WHEREFORE, it is hereby

**ORDERED** that plaintiff's motion for a preliminary injunction (Dkt. No. 115) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for the appointment of pro bono counsel (Dkt. No. 120) is **DENIED**; and it is further

**ORDERED** that, absent a showing of changed circumstances, any future motions for the appointment of counsel will be summarily denied by the Court; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: September 12, 2022
       Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge