UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JORGE GOMEZ,

                          Plaintiff,

        - v -                                      Civ. No. 9:21-CV-658
                                                     (GTS/DJS)
J. B. FOSTER, *et al*,

                          Defendants.
_____

**APPEARANCES:**                                      **OF COUNSEL:**

JORGE GOMEZ
72297-054
Plaintiff, *pro se*
FCI Fairton
P.O. Box 420
Fairton, New Jersey 08320

HON. CARLA B. FREEDMAN                     C. HARRIS DAGUE, ESQ.
U.S. Attorney for the Northern District of New York   Assistant U.S. Attorney
Attorney for Defendants
445 Broadway, Room 218
Albany, New York 12207

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

This action alleges a failure to provide adequate medical care and medical malpractice related to care provided to Plaintiff in 2018 while he was incarcerated at FCI – Ray Brook. *See* Dkt. 114, Fourth Am. Compl. Presently pending is a Motion for Summary Judgment filed by Plaintiff. Dkt. No. 124. Defendants oppose the Motion.

1

Dkt. No. 134. Plaintiff has filed a reply in further support of the Motion. Dkt. No. 141. For the reasons set forth below, the Court recommends that the Motion be denied as premature.

Plaintiff's Motion was filed while discovery was actively underway in this case. At the time Plaintiff filed this Motion, discovery demands from Defendants to Plaintiff were still outstanding and Plaintiff had not yet been deposed. Dkt. No. 134-1, Dague Decl. at ¶ 5. In fact, Plaintiff had not yet received responses to discovery demands he had served upon Defendants. *See* Dkt. No. 143. At the time Defendants opposed this Motion, they specifically averred through counsel that additional factual information was necessary for defense of this action. Dague Decl. at ¶¶ 3-4. As a result, the present Motion, fails to fully present the facts underlying Plaintiff's claims as those facts are now known to the parties following significant additional discovery.[1]

The Federal Rules of Civil Procedure specifically provide that in such a circumstance, the Court may "issue any . . . appropriate order." FED. R. CIV. P. 56(d)(3). Courts have repeatedly recognized that denial of a motion for summary judgment as premature is appropriate under these circumstances. *Cohen v. Schroeder*, 2016 WL 1070851, at *5 (S.D.N.Y. Mar. 16, 2016); *Brown v. Habberfield*, 2010 WL 598357, at *1 (W.D.N.Y. Feb. 18, 2010). Here, an appropriate order would be denial of Plaintiff's

---

[1] Plaintiff appears to recognize as much in a latter filed motion which seeks to stay this Motion. Dkt. No. 138. In the Court's view, the interests of judicial economy are best served by the filing of new motions, rather than the piecemeal supplementation of this Motion suggested by Plaintiff's request to stay. The request to stay, therefore, is denied.

Motion without prejudice to renewal.  The current deadline for filing dispositive motions is February 17, 2023.  Dkt. No. 135.[2]  Now that the discovery phase of this litigation has neared its conclusion, the parties, including Plaintiff, will be able to make summary judgment motions on a complete record.

**ACCORDINGLY**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Motion for Summary Judgment (Dkt. No. 124) be **DENIED without prejudice to renewal**; and it is

**ORDERED**, that the request to stay this Motion (Dkt. No. 138) is **DENIED**; and it is further

**ORDERED**, that the deadline for filing of dispositive motions is extended to March 31, 2023; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[3] within which to file written objections to the foregoing report.  Such objections shall be filed

---

[2] In order to provide time for the District Court's review of the Report-Recommendation, the Court extends the deadline for filing dispositive motions to March 31, 2023.

[3] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

3

with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date:  December 29, 2022
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

4