UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JORGE GOMEZ,

                      Plaintiff,

                                                                9:21-CV-0658
v.                                                            (GTS/DJS)

J.B. FOSTER, HSA; K. SORRELL; and
UNITED STATES OF AMERICA,

                      Defendants.
_____

APPEARANCES:                                               OF COUNSEL:

JORGE GOMEZ, 72297-054
  Plaintiff, *Pro Se*
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

                                                                     C. HARRIS DAGUE
HON. CARLA B. FREEDMAN                           Assistant U.S. Attorney
United States Attorney for the N.D.N.Y.
  Counsel for Defendants
445 Broadway, Room 218
Albany, NY 12207-2924

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Jorge Gomez ("Plaintiff") against the United States and two federal correctional employees ("Defendants") under *Bivens* and the Federal Tort Claims Act, are (1) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Plaintiff's motion for summary judgment be denied without prejudice to renewal, and (2) Plaintiff's combined Objection to the Report-Recommendation and appeal from Magistrate Judge Stewart's Order "denying expert testimony."

(Dkt. Nos. 147, 149.) For the reasons set forth below, Magistrate Judge Stewart's Report-Recommendation is accepted and adopted in its entirety, and his Order denying Plaintiff's request for the appointment of an expert is affirmed.

I.   STANDARD OF REVIEW

  A.   Legal Standard Governing Objections to a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)©). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1©).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf.*

district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error*

---

*U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

review.³  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*⁴

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### B. Legal Standard Governing an Appeal from a Non-Dispositive Order of a Magistrate Judge

In reviewing timely objections to a magistrate judge's non-dispositive order, the court "must modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also Statewide Aquastore, Inc. v. Pelseal Tech., LLC*, 06-CV-0093, 2010 WL 610685, at *2 (N.D.N.Y. Feb. 17, 2010) (Scullin, J.) ("When considering an appeal

---

³ *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

⁴ *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

from a magistrate judge's ruling on a non-dispositive matter, a district court will modify or set aside any portion of the magistrate judge's ruling that it finds to be 'clearly erroneous or contrary to law.'") (quoting 28 U.S.C. § 636[b][1][A]; Fed. R. Civ. P. 72[a]).

A finding is clearly erroneous if "'on the entire evidence,' [the reviewing court] is 'left with the definite and firm conviction that a mistake has been committed.'" *Snyder v. Louisiana*, 552 U.S. 472, 487 (2008) (citing *Easley v. Cromartie*, 532 U.S. 234, 242 [2001] [quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)]); *accord, United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004). An order is contrary to law if "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *New York v. Salazar*, 08-CV-0644, 2011 WL 1938232, at *4 (N.D.N.Y. Mar. 8, 2011) (Kahn, J.); *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp.2d 70, 74 (N.D.N.Y. 2000) (Scullin, J.).

## II.   ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

To those reasons, the Court adds only that it would agree with Magistrate Judge Stewart's recommendation even if it were to expressly apply the four-factor test governing requests to deny a motion for summary judgment on the ground that further discovery is needed. *See Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999) ("[A] party resisting summary judgment on the

ground that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought to resist the motion and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant has been unsuccessful in those efforts."); *accord, Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003).

Turning to Plaintiff's appeal from Magistrate Judge Stewart's Order "order denying expert testimony," Plaintiff's request for the appointment of an expert was muddled with his request for the appointment of counsel. (*See* Dkt. No. 138, at 1-2 ["Plaintiff Gomez write to request that this Court . . . appoint counsel to get expert testimony . . . . Plaintiff Gomez also request for [sic] appointment of counsel, for expert testimony."].) In any event, his request was properly denied by Magistrate Judge Stewart, who committed no error with regard to it. (*See* Dkt. No. 148, at 2, n.2 ["To the extent the Motion could be interpreted as one for the actual appointment of an expert, it is denied. Plaintiff has no right to the appointment of an expert and has not made a showing warranting such an appointment at this time."] [citing district court case].)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 147) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 124) is **DENIED without prejudice to renewal**; and it is further

**ORDERED** that Magistrate Judge Stewart's Order denying Plaintiff's request for the appointment of an expert (Dkt. No. 148) is **AFFIRMED**.

Dated: February 3, 2023
      Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge