UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JORGE GOMEZ,

                               Plaintiff,

                                                                                     9:21-CV-0658

v.                                                                                     (GTS/DJS)

J.B. FOSTER, HSA; K. SORRELL; and
UNITED STATES OF AMERICA,

                               Defendants.
_____

APPEARANCES:                                                     OF COUNSEL:

JORGE GOMEZ, 72297-054
    Plaintiff, *Pro Se*
FCI Fairton
P.O. Box 420
Fairton, New Jersey 08320

HON. CARLA B. FREEDMAN                        EMER M. STACK, ESQ.
United States Attorney for the N.D.N.Y.        Assistant United States Attorney
    Counsel for Defendants
100 South Clinton Street
P.O. Box 9000
Syracuse, New York 13261

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Jorge Gomez ("Plaintiff") against J.B. Foster, K. Sorrell and the United States of America ("Defendants"), are (1) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Plaintiff's motion for summary judgment be denied and that Defendants' motion for summary judgment be granted, (2) Plaintiff's Objections to the Report-Recommendation, and (3) Defendant's Response to Plaintiff's Objections. (Dkt. Nos. 197, 198, 200.) For the reasons set

forth below, Magistrate Judge Stewart's Report-Recommendation is accepted and adopted in its entirety, Plaintiff's motion is denied, and Defendants' motion is granted.

I.   STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1]  *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b),

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]    *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (*See generally* Dkt. No. 197, at 8-24.) To those reasons, the Court adds only three brief points.

First, the Court agrees with Defendants that the Court should reject Plaintiff's Objections to Magistrate Judge Stewart's findings regarding Plaintiff's FTCA medical malpractice claim, because (1) whatever criticisms Plaintiff has of the expert opinion of Dr. Seth Crockett, a

---

3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

board-certified gastroenterologist and gastrointestinal endoscopist (Dkt. No. 198, at 7-8), those criticisms are entirely beside the point given that Plaintiff failed to support the elements of his medical malpractice claim with any expert proof whatsoever, which is fatal to that claim, (2) contrary to Plaintiff's argument, the appropriate treatment of his gastrointestinal issues while at FCI Ray Brook is not a matter "within the ordinary experience and knowledge of laymen," and (3) in any event, the Court should not even consider this latter argument (that expert proof was not required) given the point of law that parties may not raise new arguments for the first time in objections to a Report-Recommendation. (Dkt. No. 200, at 5-7.) With regard to this last point, the Court sees no reason to depart from the general rule that, ordinarily, a district court will refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See, supra,* Part I of this Decision and Order.

Second, the Court agrees with Defendants that the Court should reject Plaintiff's Objections to Magistrate Judge Stewart's findings regarding Plaintiff's Eighth Amendment *Bivens* claims, because (1) Plaintiff's *Bivens* claims were untimely and the Court should not consider his continuing-violation doctrine argument given that he never raised that argument in his briefs before Magistrate Judge Stewart, (2) in any event, Plaintiff has not offered any proof of full administrative exhaustion of his *Biven* claims at any point during these summary judgment proceedings, and anyway the continuing-violation doctrine would not render those claims exhausted, (3) Plaintiff's Objections regarding the availability of a *Bivens* remedy are irrelevant given that Magistrate Judge Stewart assumed (without deciding) that this issue should be resolved in Plaintiff's favor, (4) Magistrate Judge Stewart correctly determined that Plaintiff failed to adduce any admissible record evidence establishing the subjective prong of his Eighth

Amendment claim.  (Dkt. No. 200, at 7-11.)   With regard to Defendant's point about the newness of Plaintiff's continuing-violation-doctrine argument, again, the Court sees no reason to depart from the general rule that, ordinarily, a district court will refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See, supra,* Part I of this Decision and Order.

Third, and finally, the Court agrees with Defendants that, because Plaintiff's Objections contain no specific challenge to Magistrate Judge Stewart's finding that Defendants Sorrell and Foster are entitled to qualified immunity, that portion of the Report-Recommendation need be review for only clear error.  (Dkt. No. 200, at 11-12.)   The Court also agrees with Defendants, and Magistrate Judge Stewart, that a reasonable prison official in the position of either Defendants Sorrell or Foster – responding to Plaintiff's complaints about diarrhea and vomiting – would not understand that they were violating Plaintiff's constitutional rights by providing the medical advice and treatment that they did.  (*Id.*; Dkt. No. 197, at 23-24.)

For each of these reasons, the Court accepts and adopts Magistrate Judge Stewart's Report-Recommendation in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 197) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 165) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 167) is **GRANTED**; and it is further

**ORDERED** that the claims asserted in Plaintiff's Fourth Amended Complaint (Dkt. No. 114) are **DISMISSED**.

Dated: March 28, 2024
      Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge